UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JACKSON AVENUE MANAGEMENT, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-381** |
| **INDEPENDENT SPECIALTY INSURANCE COMPANY** | **SECTION: "P" (2)** |

### ORDER AND REASONS

Before the Court is a Motion to Compel Arbitration and to Stay or, Alternatively, Dismiss the Proceedings filed by Defendant Independent Specialty Insurance Company.[1] Plaintiff Jackson Avenue Management, LLC filed a response in opposition to the motion.[2] Defendant filed a reply memorandum, and, with leave of Court, also filed supplemental authority in support of its motion.[3] For the reasons assigned below, Defendant's motion is **GRANTED**.

### I. BACKGROUND

This action arises out of an insurance coverage dispute following Hurricane Ida, which purportedly caused damage to Plaintiff's property when it made landfall in August 2021.[4] At the time of the alleged damage, Plaintiff's property was insured under a surplus lines policy ("the Policy") issued by Defendant.[5] The Policy includes a broad arbitration clause mandating that "[a]ll matters in dispute" between the parties "in relation to this insurance, including the policy's formation and validity, . . . shall be referred to an Arbitration Tribunal. . . ."[6] Plaintiff originally filed this action in state court, and Defendant timely removed the matter to this Court.[7] Defendant

---

[1] R. Doc. 5.
[2] R. Doc. 16.
[3] R. Doc. 24 and R. Doc. 37, respectively.
[4] R. Doc. 1-1.
[5] R. Doc. 5-3.
[6] *Id.* at p. 37.
[7] R. Doc. 1.

then filed the instant motion to compel arbitration and to stay or, alternatively, dismiss the proceedings.[8]

## II. LAW AND ANALYSIS

"[A] court must hold a party to its arbitration contract just as the court would to any other kind [of contract]."[9] In doing so, courts perform a two-step analysis to determine whether parties should be compelled to arbitrate a dispute.[10] First, the Court must determine "whether the parties agreed to arbitrate the dispute in question," which "involves two considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that agreement."[11] Second, the Court must determine "whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims."[12]

Plaintiff does not dispute that the Policy itself is a valid contract between the parties or that the dispute falls within the scope of the arbitration agreement contained in the Policy; rather, Plaintiff contends the arbitration clause itself is unenforceable under La. R.S. § 22:868(A) which provides, in relevant part:

> No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state . . . shall contain any . . . agreement . . . [d]epriving the courts of this state of the jurisdiction or venue of action against the insurer.[13]

The parties appear to agree that Subsection A generally prohibits arbitration clauses. Plaintiff, however, wrongly contends the only exception to this prohibition is if the Convention[14] applies.[15]

---

[8] R. Doc. 5.
[9] *Morgan v. Sundance*, 596 U.S. 411, 418 (2022).
[10] See *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257–58 (5th Cir. 1996).
[11] *Id.* at 258.
[12] *Id.*
[13] LA. REV. STAT. § 22:868(A)(2).
[14] Plaintiff's use of "Convention" is a reference to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, and it is uncontested that the Convention is not applicable to this case.
[15] R. Doc. 16 at 2.

Plaintiff's opposition fails to address Subsection D of La. R.S. § 22:868, which provides an exception to Subsection A and which courts have found is applicable in cases similar to the instant matter, i.e., cases involving disputes over surplus lines insurance policies that contain arbitration clauses.[16]

Subsection D of La. R.S. § 22:868 states, "The provisions of Subsection A of this Section *shall not prohibit a forum or venue selection clause* in a policy form *that is not subject to approval by the Department of Insurance.*"[17] Critically, the policy forms of surplus lines insurers, like Defendant, are not subject to approval by the Department of Insurance.[18] And relying on Louisiana case law, this Court and others have found that arbitration clauses are a type of "forum or venue selection clause."[19] Thus, the arbitration clause contained in the Policy is enforceable under Louisiana law, despite Plaintiff's argument to the contrary.[20] And because Plaintiff does not

---

[16] *See, e.g.*, *711 Tchoupitoulas Condo. Ass'n, Inc. v. Indep. Specialty Ins. Co.*, No. 22-CV-276, 2023 WL 8716580 (E.D. La. Dec. 18, 2023) (Papillion, J.); *Casa Angelo, Inc. v. Indep. Specialty Ins. Co.*, No. 23-CV-5842, 2023 WL 8600462 (E.D. La. Dec. 12, 2023) (Fallon, J.); *Cornerstone Ass'n v. Indep. Specialty Ins. Co.*, No. 23-CV-2478, 2023 WL 8257987 (E.D. La. Nov. 29, 2023) (Morgan, J.); *Southland Circle, LLC v. Indep. Spec. Ins. Co.*, No. 23-CV-855, 2023 WL 7688570 (E.D. La. Nov. 15, 2023) (Vitter, J.); *Beachcorner Props., LLC v. Indep. Specialty Ins. Co.,* No. 23-CV-1287, 2023 WL 7280516 (E.D. La. Nov. 3, 2023); *Queens Beauty Supply, LLC v. Indep. Specialty Ins. Co.*, No. 22-CV-3444, 2023 WL 7154117 (E.D. La. Oct. 31, 2023) (Guidry, J.); *Bourgeois v. Indep. Specialty Ins. Co.*, No. 22-CV-1256, 2023 WL 6644171 (E.D. La. Oct. 12, 2023) (Lemmon, J.); *Ramsey v. Indep. Specialty Ins. Co.,* No. 23-CV-0632, 2023 WL 5034646 (E.D. La. Aug. 8, 2023) (Lemelle, J.).

[17] La. Rev. Stat. § 22:868(D).

[18] *Id.* § 22:446(a). ("The commissioner shall not require surplus lines insurers to file or seek approval of their forms and rates for property and casualty insurance except as provided in R.S. 22:1456(B)(2) relative to public carrier vehicles.").

[19] *See, e.g.*, *711 Tchoupitoulas Condo. Ass'n, Inc.*, 2023 WL 8716580, at *3 (analyzing *Hodges v. Reasonover*, 103 So.3d 1069 (La. 2012) and *Donelon v. Shilling*, 340 So.3d 786 (La. 2020)); *Southland Circle, LLC*, 2023 WL 7688570, at *4–5 (same); *Beachcorner Props., LLC,* 2023 WL 7280516, at *6 (same); *Cornerstone Ass'n*, 2023 WL 8257987, at *3–4 (relying on Louisiana case law and the legislative history of La. R.S. § 22:868); *Queens Beauty Supply, LLC*, 2023 WL 7154117, at *2 (relying on Louisiana case law); *Bourgeois*, 2023 WL 6644171, at *3–4 (relying on Louisiana case law and the legislative history of La. R.S. § 22:868); *Ramsey*, 2023 WL 5034646, at *4–5 (relying on Louisiana case law).

[20] The Court need not address Plaintiff's numerous arguments as to why La. R.S. § 22:868 is applicable to surplus lines insurance policies. Defendant does not dispute that La. R.S. § 22:868 is generally applicable to surplus lines insurance policies. Rather, Defendant contends that Subsection D of La. R.S. § 22:868 provides an exception to a portion of Subsection A, and that exception is applicable in the instant case, rendering the arbitration clause enforceable. Plaintiff failed to address this argument. Instead, Plaintiff incorrectly argued the only exception to Subsection A is if the Convention applies. For all the reasons discussed herein, the Convention is not the only exception.

otherwise contest the validity of the Policy or that the dispute between the parties falls within the scope of the arbitration clause contained in the Policy, the Court finds that arbitration of this matter is appropriate and mandatory.

Pursuant to 9 U.S.C. § 3, when an issue subject to an arbitration clause is raised in a federal court, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."[21] Defendant has moved to stay this litigation upon the Court's ordering of the parties to arbitration. Because this Court finds that arbitration is mandatory in this case, the Court will stay this litigation pending resolution of the arbitration proceedings and until, upon the filing of a written motion, the Court finds that the stay should be vacated.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motion to Compel Arbitration and to Stay or, Alternatively, Dismiss the Proceedings (R. Doc. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **STAYED** and **ADMINISTRATIVELY CLOSED** until a final resolution of the arbitration proceedings has been rendered and the Court, upon written motion of the parties, finds it appropriate to vacate the stay.

New Orleans, Louisiana, this 21st day of February 2024.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

[21] 9 U.S.C. § 3.